TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00089-CR







Marshall Edward Lamar, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,256, HONORABLE OLIVER KELLEY, JUDGE PRESIDING







 Appellant, Marshall Edward Lamar, was charged with intoxication manslaughter
and manslaughter. Appellant pleaded guilty to manslaughter. He was sentenced to a prison term
of ten years in the Institutional Division of the Texas Department of Criminal Justice and fined
$5,000. In one point of error, appellant argues that the trial judge erroneously denied his motion
to suppress evidence. We will affirm the judgment.


DISCUSSION AND HOLDING


 On the evening of November 30, 1996, appellant was involved in an automobile
collision that took the life of Denny Drake. Appellant was taken to Scott and White Hospital for
treatment of injuries resulting from the accident. During the course of treatment, the hospital
obtained a blood sample from appellant and performed a blood-alcohol test on the specimen. On
January 30, 1997, the State issued a grand jury subpoena for the results of the blood-alcohol test. 
Pursuant to the subpoena, the hospital produced appellant's medical records which included the
results of the test. Appellant subsequently filed a motion to suppress the test results. Appellant
argued that the evidence taken from his medical records had been improperly seized under the
Fourth and Fourteenth Amendments of the United States Constitution and under Article I, section
9 of the Texas Constitution. After a hearing, the trial judge overruled appellant's motion to
suppress. Appellant subsequently pleaded guilty to manslaughter but appeals from the denial of
his motion to suppress the test results.

 Appellant contends the trial court erred in overruling his motion because he had an
expectation of privacy in his medical records under the Constitutions of the United States and
Texas. Appellant's argument is based upon his subjective expectation of privacy in the result of
any medical test performed upon his person and any substances removed from his person. The
Court of Criminal Appeals recently addressed the precise issue raised by appellant. See State v.
Hardy, 963 S.W.2d 516 (Tex. Crim. App. 1996). The court held no reasonable expectation of
privacy under the Fourth Amendment would protect one's blood-alcohol test results from
subpoena, where the tests had been performed by hospital personnel solely for medical purposes
after a traffic accident. Hardy, 963 S.W.2d at 527. Appellant makes no attempt to distinguish
Hardy.


 Appellant does attempt, however, to make a separate argument under the Texas
Constitution. (1) Appellant cites Escamilla v. State, 556 S.W.2d 796 (Tex. Crim. App. 1977), to
support the proposition that "the taking of a blood sample is a search and seizure within the
meaning of Art. I, Sec. 9 of the Texas Constitution, thus the State was required to comply with
the provisions of Article 1.06 and Chapter 18, V.A.C.C.P." Escamilla, 556 S.W.2d at 798. 
Unlike Escamilla, the State did not take appellant's blood, but merely compelled production of the
results by grand jury subpoena. Appellant's argument falls squarely within the Hardy decision. 
Accordingly, we overrule appellant's point of error.

 We affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: February 4, 1999

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Although appellant raises both federal and state constitutional claims, he furnishes no
authority requiring a more restrictive standard under Article I, section 9 than under the Fourth
Amendment. We therefore interpret the former as being consistent with the decisions of the
United States Supreme Court and the Court of Criminal Appeals. See Heitman v. State, 815
S.W.2d 681, 690 (Tex. Crim. App. 1991); Telshaw v. State, 964 S.W.2d 303, 305 (Tex.
App.--Houston [14th Dist.] 1998, no writ).


 On the evening of November 30, 1996, appellant was involved in an automobile
collision that took the life of Denny Drake. Appellant was taken to Scott and White Hospital for
treatment of injuries resulting from the accident. During the course of treatment, the hospital
obtained a blood sample from appellant and performed a blood-alcohol test on the specimen. On
January 30, 1997, the State issued a grand jury subpoena for the results of the blood-alcohol test. 
Pursuant to the subpoena, the hospital produced appellant's medical records which included the
results of the test. Appellant subsequently filed a motion to suppress the test results. Appellant
argued that the evidence taken from his medical records had been improperly seized under the
Fourth and Fourteenth Amendments of the United States Constitution and under Article I, section
9 of the Texas Constitution. After a hearing, the trial judge overruled appellant's motion to
suppress. Appellant subsequently pleaded guilty to manslaughter but appeals from the denial of
his motion to suppress the test results.

 Appellant contends the trial court erred in overruling his motion because he had an
expectation of privacy in his medical records under the Constitutions of the United States and
Texas. Appellant's argument is based upon his subjective expectation of privacy in the result of
any medical test performed upon his person and any substances removed from his person. The
Court of Criminal Appeals recently addressed the precise issue raised by appellant. See State v.
Hardy, 963 S.W.2d 516 (Tex. Crim. App. 1996). The court held no reasonable expectation of
privacy under the Fourth Amendment would protect one's blood-alcohol test results from
subpoena, where the tests had been performed by hospital personnel solely for medical purposes
after a traffic accident. Hardy, 963 S.W.2d at 527. Appellant makes no attempt to distinguish
Hardy.


 Appellant does attempt, however, to make a separate argument under the Texas
Constitution. (1) Appellant cites Escamilla v. State, 556 S.W.2d 796 (Tex. Crim. App. 1977